**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Charlottesville Division**

CLERKS OFFICE US DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED
November 12, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Nik Sams
DEPUTY CLERK

NORFOLK SOUTHERN RAILWAY CO., )

*Plaintiff*, )

v. )

GENERAL SHALE BRICK, INC., ) C. A. No. 3:26cv119

**Serve: CT Corporation System,**
**Registered Agent**
**4701 Cox Road, Suite 285**
**Glen Allen, VA 23060-6808**

*Defendant*. )

## COMPLAINT

The Plaintiff, Norfolk Southern Railway Company ("Norfolk Southern" or the "Plaintiff"), by counsel, states the following Complaint for monetary damages and, alternatively, declaratory judgment against the Defendant, General Shale Brick, Inc. ("GSB" or the "Defendant," and collectively with Norfolk Southern, the "Parties"). For the reasons set forth herein, Plaintiff respectfully prays that judgment be entered in its favor and against the Defendant.

## PARTIES

1. Norfolk Southern is a Virginia corporation whose principal office is in Atlanta, Georgia. Norfolk Southern, therefore, is a citizen of Virginia and of Georgia, and it is not a citizen of any other State.

2. GSB is a Delaware corporation whose principal office is located at 3015 Bristol Highway, Johnson City, Tennessee 37601. GSB is therefore a citizen of Delaware and of Tennessee, and it is not a citizen of Virginia or Georgia.

## VENUE & JURISDICTION

3. The Court has original jurisdiction in this action under Title 28, section 1332 of the United States Code, as this lawsuit is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. The venue of this action is properly predicated upon Title 28, section 1391(a) of the United States Code, in that jurisdiction is founded on diversity of citizenship and this action is brought within the judicial district and division in which a substantial part of the events or omissions giving rise to the claim(s) alleged herein occurred.

## NATURE OF THE CASE

5. This action seeks monetary damages based upon the Defendant's breach of a written contract, as well as alternative relief in the form of common-law contribution or equitable indemnification.

6. This seeks, in the further alternative, declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and Title 28, section 2201 of the United States Code, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between and among Norfolk Southern and GSB. *See* 28 U.S.C. § 2201; Fed. R. Civ. P. 57.

## FACTUAL BACKGROUND

7. On November 6, 2023, Judy Ann Dixon ("Dixon") filed a complaint against Norfolk Southern's affiliated company, Norfolk Southern Corporation ("NSC"), in the Circuit Court for Orange County, Virginia, case number 23-1166, seeking monetary recovery for alleged personal injuries following a cycling incident that occurred on or about June 12, 2023 (the "Underlying Action").

8. In the Underlying Action, Ms. Dixon alleges she was injured while cycling, when her front wheel became stuck in the railroad track of a railroad spur crossing Weyburn Road in

Gordonsville, Virginia, bearing railroad crossing number 734270C (the "Spur").

9. Ms. Dixon further alleged as part of her lawsuit that she was injured because the track of the Spur had not been adequately maintained, and the roadway crossing of the Spur had not been adequately maintained.

10. Ms. Dixon subsequently amended her Complaint in the Underlying Action.

11. Her first Amended Complaint named Norfolk Southern, NSC, and GSB as joint tortfeasors.

12. On March 4, 1957, Norfolk Southern's predecessor in interest, Southern Railway Company, entered into a written agreement (the "1957 Agreement") with Webster Brick Company a/k/a Roanoke-Webster Brick Company, Inc. ("Webster"") for the construction of the Spur. A true and accurate copy of the 1957 Agreement is attached hereto as "**Exhibit A**."

13. Pursuant to the 1957 Agreement, Webster and Southern Railway agreed that after construction, title to the Spur would be vested in Webster.

14. After the Spur was constructed, it was owned by Webster.

15. Southern Railway Company never owned the Spur.

16. The Spur serviced industrial property owned by Webster.

17. Pursuant to the 1957 Agreement, Webster agreed to be responsible for the Spur's maintenance, specifically by ensuring it remained in good condition and repair. *See* Exh. A, ¶ 5.

18. Pursuant to Paragraph 7 of the 1957 Agreement, Webster agreed to "indemnify and save harmless [Southern Railway] against any and all damage resulting from negligence of [Webster]. . . ." Exh. A, ¶ 7.

19. On December 31, 1990, Southern Railway Company's name changed to Norfolk Southern.

20. Norfolk Southern is, and at all relevant times has been, the successor-in-interest to Southern Railway, including with respect to Southern Railway's rights under the 1957 Agreement.

21. Upon information and belief, Webster Brick Company a/k/a Roanoke-Webster Brick Company, Inc. merged into General Shale Webster, Inc., which then merged into General Shale Products Corporation, which then merged into General Shale Newco LLC, which then underwent a name change to General Shale Products, LLC, which then merged into General Shale Brick, Inc.

22. GSB acquired, assumed, and/or succeeded to the obligations of Webster under the 1957 Agreement, and GSB, therefore, is obligated under the 1957 Agreement to the same extent as Webster.

23. GSB is thus the successor in interest to Webster.

24. On August 2, 2024, Norfolk Southern tendered its defense in the Underlying Action to GSB pursuant to the 1957 Agreement, and demanded indemnification in connection with the Underlying Action.

25. GSB refused to defend and indemnify Norfolk Southern.

26. On May 12, 2025, Plaintiff filed a second amended complaint against only Norfolk Southern and NSC in the Underlying Action.

27. On September 26, 2025, Norfolk Southern again tendered its defense to GSB and demanded indemnification in connection with the Underlying Action.

28. GSB again refused to defend and indemnify Norfolk Southern in the Underlying Action.

29. GSB's refusal to defend and indemnify Norfolk Southern in connection with the Underlying Action is in direct breach of the 1957 Agreement, as alleged further herein, and GSB's

breach of the agreement has damaged Norfolk Southern as alleged herein.

**FIRST CAUSE OF ACTION – BREACH OF**
**CONTRACT BY GSB FOR FAILING TO MAINTAIN THE SPUR**

30. Norfolk Southern incorporates by reference each of the allegations set forth in the preceding paragraphs as if restated here verbatim.

31. The 1957 Agreement is a valid and binding contract, the terms of which are clear and unambiguous.

32. Norfolk Southern, as the successor-in-interest to Southern Railway, is entitled to invoke and enforce the terms of the 1957 Agreement against GSB, as the successor-in-interest to Webster.

33. Webster, and by extension GSB, expressly assumed an obligation to maintain the Spur in good and safe repair.

34. Webster and/or GSB failed to maintain the Spur in good and safe repair.

35. Webster's and/or GSB's failure to maintain the Spur in good and safe repair caused and/or contributed to Ms. Dixon's cycling accident alleged in the Underlying Action.

36. Webster's and/or GSB's failure to maintain the Spur in good and safe repair breached Webster's and/or GSB's contractual duty to maintain the Spur under the 1957 Agreement.

37. As a direct and proximate result of that breach, Norfolk Southern has suffered direct and consequential damages in the form defense costs and expenses incurred in connection with the Underlying Action as well as potential exposure to a tort judgment in the Underlying Action.

38. To date, Norfolk Southern has incurred attorneys' fees in the amount of $135,790.37 defending the Underlying Action, and expenses in the amount of $7,171.45, amounts which continue to accrue.

39. Norfolk Southern, therefore, should be awarded compensatory damages as alleged further herein.

**SECOND CAUSE OF ACTION – BREACH OF**
**CONTRACT BY GSB FOR FAILING TO INDEMNIFY NORFOLK SOUTHERN**

40. Norfolk Southern incorporates by reference each of the allegations set forth in the preceding paragraphs as if restated here verbatim.

41. Norfolk Southern, as the successor-in-interest to Southern Railway, is entitled to invoke and enforce against GSB the terms of the 1957 Agreement, including Paragraph 7's indemnification provision.

42. The duty of indemnification imposed by GSB by the 1957 Agreement includes the duty to indemnify Norfolk Southern against reasonable attorneys' fees and costs incurred in defending the Underlying Action.

43. GSB has breached that duty by refusing to provide Norfolk Southern any defense in the Underlying Action despite Norfolk Southern's repeated demands for such defense.

44. As a direct and proximate result of that breach, Norfolk Southern has incurred, and continues to incur, attorneys' fees, costs, and expenses in defending against Dixon's claims, in an amount to be proven at trial.

45. To date, Norfolk Southern has incurred attorneys' fees totaling more than $135,000.00 defending the Underlying Action, and expenses totaling more than $7,170.00, amounts which continue to accrue.

46. GSB's position that it owes Norfolk Southern no obligation of indemnification whatsoever under the 1957 Agreement, under any circumstance, constitutes a clear, absolute, and unequivocal repudiation of GSB's indemnification obligations under Paragraph 7, covering the entirety of GSB's performance under that provision.

47. When a party to a contract clearly and unequivocably anticipatorily repudiates that contract, the non-breaching party may elect to sue immediately upon the breach.

48. Norfolk Southern hereby elects to treat GSB's repudiation as a present, total breach of GSB's indemnification obligations under the 1957 Agreement, and is entitled to recover all damages proximately caused thereby in an amount to be proven at trial, including but not limited to attorneys' fees, costs, and expenses of litigation, and, upon the conclusion of the Underlying Action, any sum Norfolk Southern is adjudged liable to pay, or pays in settlement, to Dixon, in an amount to be proven at trial or established by further proceedings in this action.

**THIRD CAUSE OF ACTION – CONTRIBUTION/EQUITABLE INDEMNIFICATION/EXPRESS INDEMNIFICATION**

*in the alternative to this Complaint's First and Second Causes of Action*

49. Norfolk Southern incorporates by reference each of the allegations set forth in the preceding paragraphs as if restated here verbatim.

50. To the extent Norfolk Southern is ultimately adjudged liable to Dixon, or pays any sum in settlement of her claims, GSB is obligated, under Paragraph 7 of the 1957 Agreement, to indemnify Norfolk Southern for that sum, for the reasons set forth above.

51. If the Court concludes that GSB does not owe a duty to fully indemnify Norfolk Southern for its defense costs, expenses, and possible liability to judgment in the Underlying Action, however, then GSB nevertheless owes Norfolk Southern a common-law duty of contribution toward such a judgment, and/or a duty of equitable indemnification for such judgment.

52. Norfolk Southern accordingly seeks a determination of GSB's liability for contribution, equitable indemnification, and/or express indemnification under this Count, with the amount of any such liability to be established upon the conclusion of the Underlying Action or by

further proceedings in this action.

**FOURTH CAUSE OF ACTION – REQUEST FOR DECLARATORY JUDGMENT REGARDING WHETHER GENERAL SHALE IS OBLIGATED TO INDEMNIFY NORFOLK SOUTHERN UNDER THE 1957 AGREEMENT**

*in the Alternative to this Complaint's First, Second, and Third Causes of Action*

53. Norfolk Southern incorporates by reference each of the allegations set forth in the preceding paragraphs as if restated here verbatim.

54. If the Court concludes that Norfolk Southern's claims for breach of contract, common-law contribution, and equitable indemnification are not yet ripe (and it should not so conclude), then Norfolk Southern seeks declaratory judgment of the parties' respective rights and duties under the 1957 Agreement.

55. GSB has taken the position that Norfolk Southern is not entitled to enforce or invoke the indemnification provision of the 1957 Agreement.

56. Accordingly, GSB has also taken the position that GSB does not have a duty to indemnify Norfolk Southern in connection with the Underlying Action and the Spur.

57. As such, an actual, present, and justiciable controversy now exists between Norfolk Southern and GSB concerning whether GSB is obligated to indemnify Norfolk Southern in connection with the Underlying Action.

58. This controversy may properly be resolved by declaratory judgment as provided under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, to avoid further harm accruing to Norfolk Southern.

59. For at least this reason, declaratory judgment should be entered in Norfolk Southern's favor.

**FIFTH CAUSE OF ACTION – REQUEST FOR DECLARATORY JUDGMENT AS TO WHETHER THE 1957 AGREEMENT'S INDEMNIFICATION PROVISION IMPOSES UPON GSB A DUTY TO DEFEND NORFOLK SOUTHERN**
*in the further Alternative to this Complaint's First, Second, and Third Causes of Action*

60. Norfolk Southern incorporates by reference each of the allegations set forth in the preceding paragraphs as if restated here verbatim.

61. If the Court concludes that Norfolk Southern's claims for breach of contract, common-law contribution, and equitable indemnification are not yet ripe (and it should not so conclude), then Norfolk Southern seeks declaratory judgment of the parties' respective rights and duties under the 1957 Agreement.

62. Paragraph 7 of the 1957 Agreement obligates Webster (and, by extension, GSB) to indemnify and "save harmless" Southern Railway (and, by succession, Norfolk Southern) not only against "any and all damage," but also against "any and all claims, demands, suits, judgments, or sums of money" described therein.

63. By those terms, GSB owes a duty to defend and hold harmless Norfolk Southern in connection with GSB's failure to perform its other duties under the 1957 Agreement, including, without limitation, its duty to maintain the Spur.

64. GSB has repeatedly refused Norfolk Southern's demands that GSB defend it in connection with the Underlying Action, however.

65. As such, an actual, present, and justiciable controversy now exists between Norfolk Southern and GSB concerning whether GSB is obligated to defend Norfolk Southern in connection with the Underlying Action.

66. This controversy may properly be resolved by declaratory judgment as provided under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, to avoid further harm accruing to Norfolk Southern.

67. For this further reason, declaratory judgment should be entered in Norfolk Southern's favor.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Norfolk Southern Railway Company respectfully requests that this Court enter an Order, ADJUDGING, ORDERING and DECREEING that:

A. Norfolk Southern is awarded compensatory damages against GSB for breach of contract, including the attorneys' fees, costs, and expenses Norfolk Southern has incurred, and continues to incur, in defending against the Underlying Action, exceeding ONE HUNDRED FORTY-TWO THOUSAND DOLLARS ($142,000.00), and all further damages proximately caused by GSB's repudiation of its indemnification obligations, in an amount to be proven at trial, together with pre- and post-judgment interest as allowed by law;

B. Alternatively, and to the extent necessary, Norfolk Southern is awarded compensatory damages against GSB liable for common-law contribution and/or equitable indemnification for any sum Norfolk Southern is ultimately adjudged liable to pay, or pays in settlement, to Dixon in the Underlying Action, with the amount of any such liability to be determined upon the conclusion of the Underlying Action;

C. In the further alternative, declaratory judgment is entered in Norfolk Southern's favor, holding that:

1. GSB, as successor-in-interest to Roanoke-Webster Brick Company, is contractually obligated under Paragraph 7 of the 1957 Agreement to indemnify Norfolk Southern, as successor-in-interest to Southern Railway Company;

2. GSB's indemnification obligation extends to the type of damage, liability, costs, and expenses arising from or relating to the claims asserted against

Norfolk Southern in the Underlying Action; and

3. GSB's indemnification obligation includes the duty to defend Norfolk Southern against the claims asserted in the Underlying Action;

D. Norfolk Southern is awarded its costs incurred in this action; and

E. Norfolk Southern is awarded all such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

**NORFOLK SOUTHERN RAILWAY COMPANY**

By: SETLIFF LAW, P.C.

/s/ Kevin T. Streit
C. Stephen Setliff (VSB No. 27882)
Kevin T. Streit (VSB No. 45024)
Eli Jason S. Mackey (VSB No. 84142)
SETLIFF LAW, P.C.
4940 Dominion Boulevard
Glen Allen, Virginia 23060
(804) 377-1260
(804) 377-1280 (facsimile)
ssetliff@setlifflaw.com
kstreit@setlifflaw.com
jmackey@setlifflaw.com
*Counsel for Norfolk Southern Railway Company*